**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Jordon Harry Kaiser**, | Bankruptcy No. 11-41555 |
| Debtor. | Honorable Timothy A. Barnes |

**COVER SHEET FOR FIFTH AND FINAL FEE APPLICATION OF
FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Deborah K. Ebner, Chapter 7 Trustee for the estate of Jordon Harry Kaiser |
| Period for Which Compensation is Sought: | November 1, 2015 – December 9, 2016 |
| Amount of Fees Sought: | $63,962.50 |
| Amount of Expense Reimbursement Sought: | $557.91 |
| This is an: | Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred previously is:  $    343,236.03.

**Prior fee applications**

| Fee App. | Date filed | Period covered | Total requested (fees & expenses) | Total allowed fees | Total allowed expenses |
|---|---|---|---|---|---|
| First | 9/17/2012 | 3/1/12 – 8/23/12 | $21,885.00 | $21,885.00 | $0.00 |
| Second | 1/14/2012 | 8/24/12 – 12/13/13 | $115,946.29 | $106,915.50 | $3,471.29 |
| Third | 2/5/2015 | 12/14/13 – 12/31/14 | $109,077.95 | $101,271.00 | $327.95 |
| Fourth | 11/19/2015 | 1/1/15 – 10/31/15 | $112,731.28 | $108,860.00 | $406.28 |
| | | | **Totals:** | **$338,931.50** | **$4,205.52** |

**Prior payments received by FactorLaw**[1]

| Date | Amount |
|---|---|
| April 10, 2014 | $96,407.00 |
| April 14, 2015 | $75,816.00 |
| February 10, 2016 | $82,010.00 |
| May 10, 2016 | $89,003.03 |
| **TOTAL:** | **$343,236.03** |

---

[1] As set forth in the Application, FactorLaw received payment from both Mountaineer and the Estate pursuant to the Estate Funding Agreement.

{00082192}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Jordon Harry Kaiser**, | Bankruptcy No. 11-41555 |
| Debtor. | Honorable Timothy A. Barnes |

**FIFTH AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD., AS COUNSEL TO THE CHAPTER 7 TRUSTEE**

The Law Office of William J. Factor, Ltd. and William J. Factor (collectively "***FactorLaw***"), as counsel to Deborah K. Ebner, not individually, but solely as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of Jordon Harry Kaiser (the "***Debtor***"), submits its Fifth and Final Application for Compensation and Reimbursement of Expenses (the "***Application***") for legal services performed during the period of November 1, 2015 through December 9, 2016 (the "***Fifth Application Period***"). In support of this Application, FactorLaw respectfully represents as follows:

**I.    INTRODUCTION**

1.    By this Application, FactorLaw respectfully seeks entry of an Order, substantially in the form submitted herewith, (a) allowing and awarding FactorLaw on a final basis compensation in the amount of $63,962.50 for professional services rendered by FactorLaw and reimbursement of expenses in the amount of $557.91 during the Fifth Application Period, (b) finally allowing all fees and expenses previously allowed on an interim basis, (c) (d) authorizing the Trustee to pay FactorLaw all finally-allowed fees and expenses.

2.    FactorLaw makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the

{00082192}

United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

## II. JURISDICTION

3. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

4. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

## III. BACKGROUND

### A. The Bankruptcy Case.

6. On October 12, 2011 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "*Bankruptcy Code*"), thereby initiating the Case. The Debtor's bankruptcy schedules indicate that he has no assets that can be administered for the benefit of creditors.

7. Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee.

8. On his schedules, the Debtor indicated that he had interests of unknown value in several entities, including the Jordon Kaiser Trust and the Lakeshore Athletic Clubs. The Debtor also scheduled unsecured liabilities of at least $18.5 million, including $13 million owed to Mountaineer Investments, LLC ("*Mountaineer*") on account of a judgment. Mountaineer filed a proof of claim asserting a secured claim of approximately $8,551,523.00 against the Estate.

9. Prior to bankruptcy, the Debtor had substantial assets, or access to substantial assets. His schedules reflect that some of these assets were held by trusts and that the Debtor owned the beneficial interest in such trusts.

{00082192}

10. The Trustee sought authority to retain FactorLaw to assist her in investigating whether the Debtor has or had assets that may be recovered for the benefit of the Estate and to recover any assets discovered Dkt. No. 50. That application to employ FactorLaw was granted on April 24, 2012, and made effective as of March 1, 2012. Dkt. No. 53. The Trustee reached an agreement with Mountaineer pursuant to which Mountaineer agreed to fund certain of the expenses incurred by the Trustee in connection with investigating assets that can be administered for the benefit of the Debtor's creditors and recovering those assets to the extent they exist. An Estate Funding Agreement ("**EFA**") was approved by order dated May 16, 2012 (*see* Dkt. No. 66). That EFA provides that Mountaineer would fund professional fees at $200.00 per hour with the remaining fees to be paid by the Estate if any assets are recovered. In exchange for funding the Estate, Mountaineer is entitled to 75% of any recovery with the remaining 25% being available to satisfy other claims.

B. **First through Fourth Interim Fee Applications.**

11. On October 9, 2012, the Court granted FactorLaw's First Interim Fee Application and allowed and awarded FactorLaw $21,885.00 in fees. Dkt. No. 96. The First Interim Application requested reimbursement of fees and expenses from March 1, 2012 through August 23, 2012.

12. On February 5, 2014, the Court granted FactorLaw's Second Interim Fee Application and allowed and awarded FactorLaw $106,915.50 in fees and $3,471.29 in expenses. Dkt. No. 173. The Second Interim Application requested reimbursement of fees and expenses from August 24, 2012 through December 13, 2013.

13. On February 25, 2015, the Court granted FactorLaw's Third Interim Fee Application and allowed and awarded FactorLaw $101,271.00 in fees and $327.95 in expenses. Dkt. No. 202. The Third Interim Application requested reimbursement of fees and expenses from December 14, 2013 through December 31, 2014.

14. On December 15, 2015, the Court granted FactorLaw's Fourth Interim Fee Application and allowed and awarded FactorLaw $108,860.00 in fees and

$406.28 in expenses. Dkt. No. 244. The Fourth Interim Application requested reimbursement of fees and expenses from January 1, 2015 through October 31, 2015.

15.   Mountaineer paid FactorLaw the portion of FactorLaw's fees and expenses allocated to it under the EFA in connection with the first through fourth interim applications, including the following payments:

| Date | Amount |
| --- | --- |
| April 10, 2014 | $96,407.00 |
| April 14, 2015 | $75,816.00 |
| February 10, 2016 | $82,010.00 |

16.   In addition, on May 10, 2016, FactorLaw received a payment of $89,003.03 from the Estate, representing the remainder of fees FactorLaw was entitled to under the orders granting the First through Fourth Interim Fee Applications.

## IV.   FIFTH AND FINAL FEE APPLICATION.

17.   This Application is FactorLaw's fifth and final application for compensation and reimbursement of expenses.  FactorLaw respectfully submits that the services rendered to the Trustee and the expenses incurred during the Fifth Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate.

18.   FactorLaw maintains contemporaneous written records of the time expended by its professionals.

19.   Such records for the Case, copies of which are grouped and attached hereto as **Exhibit A-1 through A-4**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

{00082192}

A.  **Summary of Services by professional.**

20. FactorLaw spent a total of 217 hours at a cost of $63,962.50 in connection with this Case.

21. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350/$375[2] | 44.2 | $15,572.50 |
| Sara E. Lorber | Partner | $325 | 20.7 | $6,727.50 |
| Jeffrey K. Paulsen | Partner | $275 | .2 | $55.00 |
| Ariane Holtschlag | Associate | $250/$275[3] | 6.1 | $1,677.50 |
| David Holtkamp | Associate | $250/$275[4] | 129.3 | $34,307.50 |
| Samuel Rodgers | Paralegal | $100 | 2.8 | $280.00 |
| Deborah Ebner | Of Counsel | $350 | 13.7 | $5,240.00 |
| | | Totals: | 217 | $63,962.50 |

B.  **Itemization of fees by category of Services rendered.**

22. For the Court's convenience, FactorLaw has categorized its Services to the Trustee into the following categories: (a) claims against Doris Kaiser; (b)

---

[2] Mr. Factor's hourly rate was increased to $375 effective January 1, 2016, in the ordinary course of FactorLaw's business.

[3] Ms. Holtschlag's hourly rate was increased to $275 effective January 1, 2016, in the ordinary course of FactorLaw's business.

[4] Mr. Holtkamp's hourly rate was increased to $275 effective January 1, 2016, in the ordinary course of FactorLaw's business.

fraudulent conveyance adversary proceeding; (c) contempt proceedings; and (d) case administration, including fee applications.

        1.       <u>Claims against Doris Kaiser (Exhibit A-1)</u>.

23.    FactorLaw spent a total of 67.1 hours at a cost of $20,145 on matters relating to the claims against Doris Kaiser. The Services in this category generally include: (a) preparing a responsive brief in an appeal of the order granting relief to the Trustee; (b) pursuing efforts to liquidate the property that was awarded to the Estate; (c) negotiating a settlement, documenting the settlement, and obtaining court approval of the settlement; (d) communicating with Mountaineer regarding the foregoing; and (e) communicating and advising the Trustee on the foregoing.

24.    A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $375/$350 | 26.9 | $9,572.50 |
| Jeffrey K. Paulsen | Partner | $275 | .2 | $55.00 |
| David Holtkamp | Associate | $275/$250 | 39.2 | $10,437.50 |
| Samuel Rodgers | Paralegal | $100 | .8 | $80.00 |
|  |  | **Totals:** | **67.1** | **$20,145.00** |

        2.       <u>Fraudulent Conveyance Adversary Proceeding (Exhibit A-2)</u>.

25.    FactorLaw spent a total of 84.3 hours at a cost of $24,867.50 on matters relating to the fraudulent conveyance adversary proceeding. The Services in this category generally include: (a) prosecuting the complaint, including attending discovery and status hearings, and preparing a motion for summary judgement; (b) pursuing an injunction to prohibit certain defendants from liquidating an insurance policy; (c) negotiating settlements, documenting the settlements, and obtaining

{00082192}

court approval of the settlements; (d) communicating with Mountaineer regarding the foregoing; and (e) communicating and advising the Trustee on the foregoing..

26. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $375/$350 | 3.2 | $1,162.50 |
| Sara E. Lorber | Partner | $325 | 17.9 | $5,817.50 |
| David Holtkamp | Associate | $275/$250 | 52.3 | $14,127.50 |
| Deborah Ebner | Of Counsel | $350 | 8.9 | $3,560.00 |
| Samuel Rodgers | Paralegal | $100 | 2.0 | $200.00 |
| | | **Totals:** | **84.3** | **$16,660.00** |

   3. <u>Contempt proceeding (Exhibit A-3)</u>.

27. FactorLaw spent a total of 30.4 hours at a cost of $8,100 on matters relating to the contempt proceeding resulting from the attempt by certain defendants in the fraudulent transfer adversary to sell an insurance policy that the Trustee claims was fraudulently transferred to the defendants at issue.

28. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350/$375 | 5 | $1,750.00 |
| David Holtkamp | Associate | $250/$275 | 25.4 | $6,350.00 |
| | | **Totals:** | **30.4** | **$8,100.00** |

4.  Case Administration (Exhibit A-4).

29. FactorLaw spent a total of 35.2 hours at a cost of $10,850 on matters relating to case administration. The Services performed by FactorLaw in this category generally include: (a) preparing prosecuting fee applications; (b) preparing and prosecuting a motion authorizing an interim distribution; (c) communicating with creditors; (d) and conferring and advising the Trustee on matters relating to the administration of the Case.

30. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $375/$350 | 9.1 | $3,190.00 |
| Sara E. Lorber | Partner | $325 | 2.8 | $910.00 |
| David Holtkamp | Associate | $275/$250 | 12.4 | $3,392.50 |
| Ariane Holtschlag | Associate | $275/$250 | 6.1 | $1,677.50 |
| Deborah Ebner | Of Counsel | $350 | 4.8 | $1,680.00 |
| | | **Totals:** | **35.2** | **$10,850.00** |

{00082192}

**C.  Expenses.**

31. FactorLaw incurred $557.91 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit B**.

32. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

**D.  FactorLaw's retention was appropriate at all times, including through the Fifth Application Period.**

33. During the Fifth Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

34. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the FactorLaw and any other party regarding the sharing of fees except with the FactorLaw's partners, nor has the FactorLaw discussed or negotiated the amount of its fees with any party except the Trustee.

35. Finally, FactorLaw represents that it is and was through the Fifth Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

36. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time

commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

37. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

38. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

39. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

40. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $287.46. This average rate is fair and

reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## V. NOTICE AND NO PRIOR REQUEST

41. A copy of this entire Application is being served upon those parties that receive notice through the Court's ECF/CM System, including the Office of the United States Trustee. In addition, a copy of the attached Notice of Application has been served upon all creditors and other parties in interest at least 21 days prior to the hearing. FactorLaw respectfully requests that the above-notice (the "***Notice***") be deemed adequate and that the Court find that no other or further notice is necessary

42. No prior request for the relief requested by this Application has been made to this Court or to any other court.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing and awarding FactorLaw the fees in the amount of $63,962.50 (the "***Allowed Fees***") and reimbursement of expenses of $557.91 (the "***Allowed Expenses***");

B. Authorizing the Trustee to pay FactorLaw the Allowed Fees and Allowed Expenses; and

C. Granting such other and further relief as this Court deems just and appropriate.

Dated: March 23, 2017                    THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.


                                         By: */s/ Sara E. Lorber*
                                            One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: wfactor@wfactorlaw.com
slorber@wfactorlaw.comexh

{00082192}